MAS-20030912  
guen

09/14/2004  
04:08 PM

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2004-02991
### Chen v Hobart Corporation et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/07/2004 | **Status** | Needs review for service (acneserv) | | |
| **Status Date** | 07/07/2004 | **Session** | A - Civil A | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/05/2004 | **Answer** | 12/04/2004 | **Rule12/19/20** | 12/04/2004 |
| **Rule 15** | 12/04/2004 | **Discovery** | 05/03/2005 | **Rule 56** | 06/02/2005 |
| **Final PTC** | 07/02/2005 | **Disposition** | 08/31/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**  
Yumi C Chen  
Active 07/07/2004

**Private Counsel 077110**  
Robert W Casby  
Sugarman & Sugarman  
1 Beacon Street  
13th floor  
Boston, MA 02108  
Phone: 617-542-1000  
Fax: 617-542-1359  
Active 07/07/2004 Notify

**Private Counsel 659006**  
David P McCormack  
Sugarman & Sugarman  
1 Beacon Street  
Boston, MA 02108  
Phone: 617-542-1000  
Fax: 617-542-1359  
Active 07/07/2004 Notify

**Defendant**  
Hobart Corporation  
Inactive 08/13/2004

**Defendant**  
Illinois Tool Works Inc (as amended)  
Service pending 08/13/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/07/2004 | 1.0 | Complaint & jury demand on complaint |
| 07/07/2004 | | Origin 1, Type B04, Track F. |

case01 239853 y y y y y y

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2004-02991
### Chen v Hobart Corporation et al

| Date | Paper | Text |
|---|---|---|
| 07/07/2004 | 2.0 | Civil action cover sheet filed |
| 08/13/2004 | 3.0 | Amended complaint & jury demand (all issues) |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON
September 14, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
         Asst. Clerk

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

04-2991-A

YUMI C. CHEN,

    Plaintiff

vs.

HOBART CORPORATION,

    Defendant

No.

## COMPLAINT

### THE PARTIES

1. The plaintiff, Yumi Chen, resides at 370 Chestnut Hill Avenue, Apartment 35, City of Brighton, County of Suffolk, Commonwealth of Massachusetts.

2. The defendant, Hobart Corporation, is a Delaware corporation having a usual place of business at 701 S. Ridge Avenue, Troy, Ohio.

### THE FACTS

3. On or about August 17, 2001, the plaintiff, Yumi C. Chen, was employed by The Ritz Carlton Hotel Company, LLC at 15 Arlington Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4. At that time and place, the plaintiff, Yumi Chen, was caused to sustain serious personal injuries as a result of the defective and dangerous condition of an industrial mixer.

5. The industrial mixer was designed, manufactured, distributed, sold and/or supplied by the defendant, Hobart Corporation.

6. The defendant, Hobart Corporation, was and is a merchant with respect to

the industrial mixer.

7. The defendant, Hobart Corporation, was careless and negligent in the design, manufacture, distribution, sale, and/or conveyance of the industrial mixer.

8. The defendant, Hobart Corporation, impliedly warranted that the industrial mixer would be of merchantable quality and that it was fit for any ordinary or reasonable purpose contemplated for its use.

9. The plaintiff's accident and resulting injuries as aforesaid were caused by the carelessness and negligence of the defendant, Hobart Corporation, its servants, agents, or employees.

10. The plaintiff's accident and resulting injuries as aforesaid were caused by the dangerous and defective condition of the industrial mixer and by the breaches of warranty by defendant, Hobart Corporation.

11. Due notice has been given to the defendant of any and all breaches of warranty.

12. The breaches of implied warranties of the defendant as aforesaid constitute unfair and deceptive acts or practices by the defendant in violation of Massachusetts General Laws, Chapter 93A.

13. The acts or practices of the defendant were willful and knowing violations of General Laws, Chapter 93A.

14. Plaintiff made demand upon the defendant pursuant to Massachusetts General Laws, Chapter 93A on May 25, 2004.

15. The defendant, Hobart Corporation, failed to make any written tender of settlement and said refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the defendant's breaches of implied warranties were unfair and deceptive acts or practices.

16. As a result of the injuries sustained in the incident described above, the

plaintiff, Yumi Chen, was caused to suffer great pain of body and anguish of mind, her earning capacity has been and will be impaired for a long period of time and she has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All Those Paragraphs Previously Set Forth)

### First Cause of Action

17.   This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for negligence resulting in personal injuries.

### Second Cause of Action

18.   This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for breach of implied warranty of merchantability resulting in personal injuries.

### Third Cause of Action

19.   This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's breach of implied warranty of merchantability resulting in personal injuries.

### Fourth Cause of Action

20.   This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's failure to maintain and/or service the industrial mixer and/or any of its components resulting in personal injuries.

Fifth Cause of Action

21. This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for double or treble damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

## DEMANDS FOR RELIEF

22. The plaintiff, Yumi Chen, demands judgment against the defendant, Hobart Corporation, in the amount of her damages, with interest and costs, as to the First and Second Causes of Action, in the amount of her damages, with interest, costs, and attorneys' fees as to the Third and Fourth Causes of Action, and for double or treble damages, with interest, costs, and attorneys' fees, as to the Fifth Cause of Action.

## JURY CLAIM

23. The plaintiff claims a trial by jury.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Robert C. Casby-BBO # 077110
David P. McCormack-BBO #659006
One Beacon Street
Boston, MA 02108
(617) 542-1000

I HEREBY ATTEST AND CERTIFY ON 9-19-04 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

Dated: July __, 2004

IMAN 147408v1

4

| CIVIL ACTION COVER SHEET | DOCKET NO(s) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Yumi Chen | Hobart Corporation |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-542-1000<br>Robert W. Casby-BBO# 077110<br>David P. McCormack-BBO# 659006<br>Sugarman and Sugarman, P.C., One Beacon St., 13th Floor,<br>Board of Bar Overseers number:  Boston, MA 02108 | ATTORNEY (if known)<br><br>Douglas A. Robertson, Esq. |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Neg.- PI | (F) | [X] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................. $ 31,194.73
2. Total Doctor expenses ............................................... $  8,761.16
3. Total chiropractic expenses ......................................... $  1,877.03
4. Total physical therapy expenses ..................................... $
5. Total other expenses (describe) ..................................... $
                                                         Subtotal $ 41,832.92
B. Documented lost wages and compensation to date ...................... $ 44,568.00
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses   Not yet determined $
E. Reasonably anticipated lost wages                             Not yet determined $
F. Other documented items of damages (describe)
                                                                        $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Briefly, due to the defendant's negligence, I was caused to sustain serious and permanent injuries, including a right Grade II open ulnar fracture and a flap tear of the right radial side of the fiber cartilage in my right arm.
                                                                        $ 44,568.00
                                                              TOTAL $ 86,400.92

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                              TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 7/6/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT<br>DEPARTMENT OF THE<br>TRIAL COURT |

YUMI C. CHEN,

        Plaintiff

vs.

ILLINOIS TOOL WORKS INC.,

        Defendant

No. 04-2991-A

## FIRST AMENDED COMPLAINT

### THE PARTIES

1. The plaintiff, Yumi Chen, resides at 370 Chestnut Hill Avenue, Apartment 35, City of Brighton, County of Suffolk, Commonwealth of Massachusetts.

2. The defendant, Illinois Tool Works Inc., is a Delaware corporation having a usual place of business at 3600 West Lake Avenue, Glenview, Illinois.

### THE FACTS

3. On or about August 17, 2001, the plaintiff, Yumi C. Chen, was employed by The Ritz Carlton Hotel Company, LLC at 15 Arlington Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4. At that time and place, the plaintiff, Yumi Chen, was caused to sustain serious personal injuries as a result of the defective and dangerous condition of an industrial mixer.

5. The industrial mixer was designed, manufactured, distributed, sold and/or supplied by the defendant, Illinois Tool Works Inc.

6. The defendant, Illinois Tool Works Inc., was and is a merchant with

respect to the industrial mixer.

7. The defendant, Illinois Tool Works Inc., was careless and negligent in the design, manufacture, distribution, sale, and/or conveyance of the industrial mixer.

8. The defendant, Illinois Tool Works Inc., impliedly warranted that the industrial mixer would be of merchantable quality and that it was fit for any ordinary or reasonable purpose contemplated for its use.

9. The plaintiff's accident and resulting injuries as aforesaid were caused by the carelessness and negligence of the defendant, Illinois Tool Works Inc., its servants, agents, or employees.

10. The plaintiff's accident and resulting injuries as aforesaid were caused by the dangerous and defective condition of the industrial mixer and by the breaches of warranty by defendant, Illinois Tool Works Inc.

11. Due notice has been given to the defendant of any and all breaches of warranty.

12. The breaches of implied warranties of the defendant as aforesaid constitute unfair and deceptive acts or practices by the defendant in violation of Massachusetts General Laws, Chapter 93A.

13. The acts or practices of the defendant were willful and knowing violations of General Laws, Chapter 93A.

14. Plaintiff made demand upon the defendant, pursuant to Massachusetts General Laws, Chapter 93A, on May 25, 2004.

15. The defendant, Illinois Tool Works Inc., failed to make any written tender of settlement and said refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the defendant's breaches of implied warranties were unfair and deceptive acts or practices.

16. As a result of the injuries sustained in the incident described above, the

plaintiff, Yumi Chen, was caused to suffer great pain of body and anguish of mind, her earning capacity has been and will be impaired for a long period of time and she has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All Those Paragraphs Previously Set Forth)

### First Cause of Action

17. This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for negligence resulting in personal injuries.

### Second Cause of Action

18. This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for breach of implied warranty of merchantability resulting in personal injuries.

### Third Cause of Action

19. This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's breach of implied warranty of merchantability resulting in personal injuries.

### Fourth Cause of Action

20. This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's failure to maintain and/or service the industrial mixer and/or any of its components resulting in personal injuries.

Fifth Cause of Action

21.   This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for double or treble damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

## DEMAND FOR RELIEF

22.   The plaintiff, Yumi Chen, demands judgment against the defendant, Illinois Tool Works Inc., in the amount of her damages, with interest and costs, as to the First and Second Causes of Action, in the amount of her damages, with interest, costs, and attorneys' fees as to the Third and Fourth Causes of Action, and for double or treble damages, with interest, costs, and attorneys' fees, as to the Fifth Cause of Action.

## JURY CLAIM

23.   The plaintiff claims a trial by jury.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Robert C. Casby-BBO #077110
David P. McCormack-BBO #659006
One Beacon Street
Boston, MA  02108
(617) 542-1000

. HEREBY ATTEST AND CERTIFY ON
9-14-04, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

Dated: August 12, 2004

IMAN 149553v1

4