# MARTIN, MAGNUSON, McCARTHY & KENNEY
### ATTORNEYS AT LAW
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716
TELEPHONE: (617) 227-3240
TELECOPIER: (617) 227-3346

A PROFESSIONAL CORPORATION

RAYMOND J. KENNEY, JR.
CHARLES P. REIDY, III
DANIEL J. GRIFFIN, JR.
PAUL R. KEANE
JOHN P. MULVEY
PAUL M. McTAGUE
EDWARD F. MAHONEY
DOUGLAS A. ROBERTSON
KEVIN C. REIDY
STEPHEN M. O'SHEA

SEAN M. ENNIS
ANN M. COLLINS
MICHAEL J. KEEFE*
DIANE L. LYNCH**
LYNDA RIESGO JENSEN
MARIA L. MAZUR
LAURA M. MARHOEFER
KRISTINA L. ANGUS
MICHAEL A. MURPHY + # ^
ANTHONY BRIGHTON ♦

OF COUNSEL
EDWARD F. HENNESSEY
NADINE NASSER DONOVAN + # ^

EPHRAIM MARTIN (1927-1988)
HAROLD E. MAGNUSON (1938-1999)
CLEMENT McCARTHY (1951-1985)

*ALSO ADMITTED IN CT
**ALSO ADMITTED IN PA
#ALSO ADMITTED IN RI
^ALSO ADMITTED IN DC
#ALSO ADMITTED IN NY
♦ALSO ADMITTED IN OH

September 24, 2004

*In-Hand Delivered*

Ms. Chan Guen
Copy Department
Suffolk Superior Court
U.S. Post Office & Courthouse
90 Devonshire Street, Room 801
Boston, MA 02109

    RE: Yumi C. Chen
    VS: Illinois Tool Works, Inc.
    Docket No. 04-2991-A

Dear Sir or Madam:

    Thank you for calling me on September 23, 2004. Enclosed is a check for $40.00 made payable to Suffolk Superior Court, Civil Trial Division, in payment for a certified copy of the pleadings and docket sheet.

    If you have any questions, please do not hesitate to contact us.

Very truly yours,

Douglas A. Robertson

DAR/md
Enclosure
CC: David W. McCormack

$40.00

**To the CLERK OF THE SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CIVIL BUSINESS IN THE COUNTY OF SUFFOLK:**

Boston 9-22-04 19

Please furnish at my expense, in the case of

YUMI C. CHEN .......v. ILLINOIS TOOL WORK. INC. No. 04-3291

Copy of REMOVAL TO U.S. DIST.

Certificate of ..................

(Ordered by) MARTIN MAGNUSON McCARTHY & KENNEY

(Address) 101 MERRIMAC ST. BOSTON, MA

DOUGLAS A. ROBERTSON

227-3240

RECEIVED SEP 24 2004 9-22-04
SUPERIOR COURT
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

Suffolk Superior civil #04-2991



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

YUMI C. CHEN,
Plaintiff,

vs.

ILLINOIS TOOL WORKS, INC.
Defendant

04-12036 RWZ

DEFENDANT ILLINOIS TOOL
WORKS, INC.'S NOTICE OF
REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Illinois Tool Works, Inc. ("ITW"), hereby removes this action to the United States District Court for the District of Massachusetts, Eastern Division, and states as follows:

1. Illinois Tool Works, Inc. is named as a defendant in a civil action, Case No. 04-2991-A, now pending in the Massachusetts Superior Court for Suffolk County. The United States District Court for the District of Massachusetts, Eastern Division, embraces the county where this action is pending.

2. On September 3, 2004, Illinois Tool Works, Inc. received a copy of the Summons and Complaint in this action naming Illinois Tool Works, Inc., a Delaware corporation with its principal place of business in Glenview, Illinois, as defendant. This Notice of Removal is being filed with the United States District Court for the District of Massachusetts, Eastern Division, within 30 days of the date the summons and complaint was served.

3. By filing this Notice of Removal, Illinois Tool Works, Inc. does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other defenses.

4.   The state action is a civil action over which this Court has now original diversity jurisdiction under 28 U.S.C. § 1332(a) for the following reasons:

    a.   Plaintiff, Yumi Chen, is a citizen of Massachusetts and resident of Suffolk County, Massachusetts.

    b.   Defendant, Illinois Tool Works, Inc. is a Delaware corporation with its principal place of business in Glenview, Illinos. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Illinois Tool Works, Inc. is a citizen of Delaware.

    f.   Upon information and belief, the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.   Certified copies of all process, pleadings or orders served upon Illinois Tool Works, Inc. in the state action and a copy of the docket sheet for the state action are attached hereto as Exhibit A.

6.   Written notice of this Notice of Removal will be served on counsel for the plaintiff and filed with the Massachusetts Superior Court for Suffolk County, pursuant to the requirements of 28 U.S.C. § 1446(d).

HEREBY ATTEST AND CERTIFY ON
SEPT. 23, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

Douglas A. Robertson, BBO No. 552315
Attorney for Defendant,
Illinois Tool Works, Inc.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716
(617) 227-3240

-2-

## CERTIFICATE OF SERVICE

I, Douglas A. Robertson, attorney for Illinois Tool Works, Inc., hereby certify that on __9/21/04__, I served a copy of *Defendant, Illinois Tool Works, Inc.'s Notice of Removal*, via first-class mail, postage prepaid to:

Robert W. Casby, Esq.
David P. McCormack, Esq.
Sugarman and Sugarman
One Beacon Street
Boston, MA 02108

I certify that the above document has been served upon counsel of record and/or filed with the Court within the time designated by the Court pursuant to the applicable Time Standards Order.

Douglas A. Robertson, BBO No. 552315
Attorney for Defendant, Illinois Tool Works, Inc.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

- 3 -

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | SUPERIOR COURT<br>C.A. NO. 04-2991-A |

YUMI C. CHEN                              )
                                          )
    Plaintiff                             )   **DEFENDANT, ILLINOIS TOOL**
                                          )   **WORKS, INC.'S, NOTICE OF**
VS.                                       )   **FILING NOTICE OF REMOVAL**
                                          )
ILLINOIS TOOL WORKS, INC.                 )
    Defendant                             )
                                          )

    Please take notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Illinois Tool Works, Inc. ("ITW"), filed a Notice of Removal, Local Category Sheet, Civil Cover Sheet, Notice of Filing Notice of Removal, Corporate Disclosure Statement, and $150.00 filing fee made payable to Clerk, U. S. District Court in the Office of the Clerk of the United States District Court for the District of Massachusetts, Eastern Division, on the 21st day of September, 2004, a true and correct copy of Notice of Removal is attached hereto as having been filed with the Clerk, Michael Joseph Dovovan, Suffolk Superior Court.

Douglas A. Robertson, BBO No. 552315
Attorney for Defendant,
Illinois Tool Works, Inc.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114-4716
(617) 227-3240

## *CERTIFICATE OF SERVICE*

A copy of the foredgoing Defendant, Illinois Tool Works, Inc.'s, Notice of Filing Notice of Removal was served by regular U.S. Mail, postage prepaid this 21st day of September, 2004 upon:

>Robert W. Casby, Esq.
>David P. McCormack, Esq.
>Sugarman and Sugarman
>One Beacon Street
>Boston, MA 02108

I certify that the above document has been served upon counsel of record and/or filed with the Court within the time designated by the Court pursuant to the applicable Time Standards Order.

>Douglas A. Robertson, BBO No. 552315
>Attorney for Defendant, Illinois Tool Works, Inc.
>Martin, Magnuson, McCarthy & Kenney
>101 Merrimac Street
>Boston, MA 02114
>(617) 227-3240

Case 1:04-cv-12036-RWZ   Document 3   Filed 09/24/2004   Page 8 of 18

MAS-20030912                                                                          09/22/2004
guen                      **Commonwealth of Massachusetts**                           01:55 PM
                              SUFFOLK SUPERIOR COURT
                                    Case Summary
                                    Civil Docket

### SUCV2004-02991
### Chen v Hobart Corporation et al

| File Date | 07/07/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 09/22/2004 | Session | A - Civil A |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro |
| Lead Case | | Track | F |

| Service | 10/05/2004 | Answer | 12/04/2004 | Rule12/19/20 | 12/04/2004 |
|---|---|---|---|---|---|
| Rule 15 | 12/04/2004 | Discovery | 05/03/2005 | Rule 56 | 06/02/2005 |
| Final PTC | 07/02/2005 | Disposition | 08/31/2005 | Jury Trial | Yes |

**Plaintiff**
Yumi C Chen
Active 07/07/2004

**Private Counsel 077110**
Robert W Casby
Sugarman & Sugarman
1 Beacon Street
13th floor
Boston, MA 02108
Phone: 617-542-1000
Fax: 617-542-1359
Active 07/07/2004 Notify

**Private Counsel 659006**
David P McCormack
Sugarman & Sugarman
1 Beacon Street
Boston, MA 02108
Phone: 617-542-1000
Fax: 617-542-1359
Active 07/07/2004 Notify

**Defendant**
Hobart Corporation
Inactive 08/13/2004

**Defendant**
Illinois Tool Works Inc (as amended)
Service pending 08/13/2004

**Private Counsel 552315**
Douglas A Robertson
Martin Magnuson McCarthy & Kenney
101 Merrimac Street
7th floor
Boston, MA 02114-4716
Phone: 617-227-3240
Fax: 617-227-3346
Active 09/22/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 07/07/2004 | 1.0 | Complaint & jury demand on complaint |

Case 1:04-cv-12036-RWZ   Document 3   Filed 09/24/2004   Page 9 of 18

MAS-20030912                                                                        09/22/2004
guen                    **Commonwealth of Massachusetts**                           01:55 PM
                            SUFFOLK SUPERIOR COURT
                                   Case Summary
                                   Civil Docket

## SUCV2004-02991
## Chen v Hobart Corporation et al

| Date | Paper | Text |
|---|---|---|
| 07/07/2004 | | Origin 1, Type B04, Track F. |
| 07/07/2004 | 2.0 | Civil action cover sheet filed |
| 08/13/2004 | 3.0 | Amended complaint & jury demand (all issues) |
| 09/21/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Illinois Tool Works, Inc. U. S. Dist.#(04-12036RWZ). |
| 09/22/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON
SEPT. 23, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _[signature]_

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

04-2991-A

YUMI C. CHEN,

        Plaintiff

vs.

HOBART CORPORATION,

        Defendant

No.

## COMPLAINT

### THE PARTIES

1. The plaintiff, Yumi Chen, resides at 370 Chestnut Hill Avenue, Apartment 35, City of Brighton, County of Suffolk, Commonwealth of Massachusetts.

2. The defendant, Hobart Corporation, is a Delaware corporation having a usual place of business at 701 S. Ridge Avenue, Troy, Ohio.

### THE FACTS

3. On or about August 17, 2001, the plaintiff, Yumi C. Chen, was employed by The Ritz Carlton Hotel Company, LLC at 15 Arlington Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4. At that time and place, the plaintiff, Yumi Chen, was caused to sustain serious personal injuries as a result of the defective and dangerous condition of an industrial mixer.

5. The industrial mixer was designed, manufactured, distributed, sold and/or supplied by the defendant, Hobart Corporation.

6. The defendant, Hobart Corporation, was and is a merchant with respect to

the industrial mixer.

7.     The defendant, Hobart Corporation, was careless and negligent in the design, manufacture, distribution, sale, and/or conveyance of the industrial mixer.

8.     The defendant, Hobart Corporation, impliedly warranted that the industrial mixer would be of merchantable quality and that it was fit for any ordinary or reasonable purpose contemplated for its use.

9.     The plaintiff's accident and resulting injuries as aforesaid were caused by the carelessness and negligence of the defendant, Hobart Corporation, its servants, agents, or employees.

10.    The plaintiff's accident and resulting injuries as aforesaid were caused by the dangerous and defective condition of the industrial mixer and by the breaches of warranty by defendant, Hobart Corporation.

11.    Due notice has been given to the defendant of any and all breaches of warranty.

12.    The breaches of implied warranties of the defendant as aforesaid constitute unfair and deceptive acts or practices by the defendant in violation of Massachusetts General Laws, Chapter 93A.

13.    The acts or practices of the defendant were willful and knowing violations of General Laws, Chapter 93A.

14.    Plaintiff made demand upon the defendant pursuant to Massachusetts General Laws, Chapter 93A on May 25, 2004.

15.    The defendant, Hobart Corporation, failed to make any written tender of settlement and said refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the defendant's breaches of implied warranties were unfair and deceptive acts or practices.

16.    As a result of the injuries sustained in the incident described above, the

plaintiff, Yumi Chen, was caused to suffer great pain of body and anguish of mind, her earning capacity has been and will be impaired for a long period of time and she has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All Those Paragraphs Previously Set Forth)

### First Cause of Action

17. This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for negligence resulting in personal injuries.

### Second Cause of Action

18. This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for breach of implied warranty of merchantability resulting in personal injuries.

### Third Cause of Action

19. This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's breach of implied warranty of merchantability resulting in personal injuries.

### Fourth Cause of Action

20. This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's failure to maintain and/or service the industrial mixer and/or any of its components resulting in personal injuries.

Fifth Cause of Action

21.  This is an action by the plaintiff, Yumi Chen, against the defendant, Hobart Corporation, for double or treble damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

## DEMANDS FOR RELIEF

22.  The plaintiff, Yumi Chen, demands judgment against the defendant, Hobart Corporation, in the amount of her damages, with interest and costs, as to the First and Second Causes of Action, in the amount of her damages, with interest, costs, and attorneys' fees as to the Third and Fourth Causes of Action, and for double or treble damages, with interest, costs, and attorneys' fees, as to the Fifth Cause of Action.

## JURY CLAIM

23.  The plaintiff claims a trial by jury.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Robert C. Casby-BBO # 077110
David P. McCormack-BBO #659006
One Beacon Street
Boston, MA 02108
(617) 542-1000

I HEREBY ATTEST AND CERTIFY ON SEPT. 23, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

Dated: July 7, 2004

IMAN 147408v1

4

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-2991-A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Yumi Chen | Hobart Corporation |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  617-542-1000<br>Robert W. Casby-BBO# 077110<br>David P. McCormack-BBO# 659006<br>Sugarman and Sugarman, P.C., One Beacon St., 13th Floor,<br>Board of the Overseers number    Boston, MA 02108 | ATTORNEY (if known)<br><br>Douglas A. Robertson, Esq. |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Neg.- PI | ( F ) | [X] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......................................... $ 31,194.73
2. Total Doctor expenses ........................................... $ 8,761.16
3. Total chiropractic expenses ..................................... $
4. Total physical therapy expenses ................................. $ 1,877.03
5. Total other expenses (describe) ................................. $
   Subtotal $ 41,832.92
B. Documented lost wages and compensation to date ................... $ 44,568.00
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical and hospital expenses ...... Not yet determined $
E. Reasonably anticipated lost wages ................................ Not yet determined $
F. Other documented items of damages (describe) ..................... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Briefly, due to the defendant's negligence, I was caused to sustain serious and permanent injuries, including a right Grade II open ulnar fracture and a flap tear of the right radial side of the fiber cartilage in my right arm.

$ 44,568.00
TOTAL $ 86,400.92

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 7/6/04

AOTC-6 mtc6015 11/99
A O S C. 1-2000

HEREBY ATTEST AND CERTIFY ON
SEPT. 23, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

YUMI C. CHEN,

    Plaintiff

vs.

ILLINOIS TOOL WORKS INC.,  No. 04-2991-A

    Defendant

**FIRST AMENDED COMPLAINT**

THE PARTIES

1. The plaintiff, Yumi Chen, resides at 370 Chestnut Hill Avenue, Apartment 35, City of Brighton, County of Suffolk, Commonwealth of Massachusetts.

2. The defendant, Illinois Tool Works Inc., is a Delaware corporation having a usual place of business at 3600 West Lake Avenue, Glenview, Illinois.

THE FACTS

3. On or about August 17, 2001, the plaintiff, Yumi C. Chen, was employed by The Ritz Carlton Hotel Company, LLC at 15 Arlington Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4. At that time and place, the plaintiff, Yumi Chen, was caused to sustain serious personal injuries as a result of the defective and dangerous condition of an industrial mixer.

5. The industrial mixer was designed, manufactured, distributed, sold and/or supplied by the defendant, Illinois Tool Works Inc.

6. The defendant, Illinois Tool Works Inc., was and is a merchant with

respect to the industrial mixer.

7. The defendant, Illinois Tool Works Inc., was careless and negligent in the design, manufacture, distribution, sale, and/or conveyance of the industrial mixer.

8. The defendant, Illinois Tool Works Inc., impliedly warranted that the industrial mixer would be of merchantable quality and that it was fit for any ordinary or reasonable purpose contemplated for its use.

9. The plaintiff's accident and resulting injuries as aforesaid were caused by the carelessness and negligence of the defendant, Illinois Tool Works Inc., its servants, agents, or employees.

10. The plaintiff's accident and resulting injuries as aforesaid were caused by the dangerous and defective condition of the industrial mixer and by the breaches of warranty by defendant, Illinois Tool Works Inc.

11. Due notice has been given to the defendant of any and all breaches of warranty.

12. The breaches of implied warranties of the defendant as aforesaid constitute unfair and deceptive acts or practices by the defendant in violation of Massachusetts General Laws, Chapter 93A.

13. The acts or practices of the defendant were willful and knowing violations of General Laws, Chapter 93A.

14. Plaintiff made demand upon the defendant, pursuant to Massachusetts General Laws, Chapter 93A, on May 25, 2004.

15. The defendant, Illinois Tool Works Inc., failed to make any written tender of settlement and said refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the defendant's breaches of implied warranties were unfair and deceptive acts or practices.

16. As a result of the injuries sustained in the incident described above, the

plaintiff, Yumi Chen, was caused to suffer great pain of body and anguish of mind, her earning capacity has been and will be impaired for a long period of time and she has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All Those Paragraphs Previously Set Forth)

### First Cause of Action

17.     This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for negligence resulting in personal injuries.

### Second Cause of Action

18.     This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for breach of implied warranty of merchantability resulting in personal injuries.

### Third Cause of Action

19.     This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's breach of implied warranty of merchantability resulting in personal injuries.

### Fourth Cause of Action

20.     This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's failure to maintain and/or service the industrial mixer and/or any of its components resulting in personal injuries.

Fifth Cause of Action

21.  This is an action by the plaintiff, Yumi Chen, against the defendant, Illinois Tool Works Inc., for double or treble damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

## DEMAND FOR RELIEF

22.  The plaintiff, Yumi Chen, demands judgment against the defendant, Illinois Tool Works Inc., in the amount of her damages, with interest and costs, as to the First and Second Causes of Action, in the amount of her damages, with interest, costs, and attorneys' fees as to the Third and Fourth Causes of Action, and for double or treble damages, with interest, costs, and attorneys' fees, as to the Fifth Cause of Action.

## JURY CLAIM

23.  The plaintiff claims a trial by jury.

I HEREBY ATTEST AND CERTIFY ON SEPT. 23, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

_____
Robert C. Casby-BBO #077110
David P. McCormack-BBO #659006
One Beacon Street
Boston, MA  02108
(617) 542-1000

Dated: August 12, 2004

IMAN 149553v1

4