UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| YUMI C. CHEN, | |
|---|---|
| Plaintiff, | |
| v. | |
| ILLINOIS TOOL WORKS, INC., | No.  1:04-CV-12036-RWZ |
| Defendant. | |

### ASSENTED TO MOTION TO AMEND COMPLAINT TO CHANGE THE NAME OF PARTY DEFENDANT ILLINOIS TOOL WORKS, INC. TO ITW FOOD EQUIPMENT GROUP, LLC, IN ORDER TO CORRECT THE MISNAMING OF PARTIES

Now comes the plaintiff, Yumi C. Chen, and hereby moves to amend the Complaint and file a Second Amended Complaint (Tab 1), in order to correct the misnaming of the party defendant from Illinois Tool Works, Inc. to ITW Food Equipment Group, LLC.

### Statement of Reasons

This action arises out of an incident wherein the plaintiff was injured while operating an industrial mixer on August 17, 2001 at the Ritz-Carlton Hotel in Boston, Massachusetts. The plaintiff originally filed suit in Suffolk Superior Court of the Commonwealth of Massachusetts naming Hobart Corporation as the party defendant, upon information and belief that the industrial mixer in question was designed, manufactured, distributed, sold and/or supplied by Hobart Corporation. Before the defendant answered the Original Complaint and pursuant to Mass. R. Civ. P. 15(a), the plaintiff filed a First Amended Complaint naming Illinois Tool Works, Inc. as the party defendant based on the same information and belief.

On September 21, 2004, the defendant, Illinois Tool Works, Inc., filed a notice of removal to the United States District Court, District of Massachusetts, Eastern Division. Upon subsequent notice from counsel for the defendant, the plaintiff learned that the industrial mixer was designed, manufactured, distributed, sold and/or supplied by ITW Food Equipment Group, LLC. Based upon this information, the plaintiff moves to file a Second Amended Complaint amend to correct a misnomer of party to change Illinois Tool Works, Inc. to ITW Food Equipment Group, LLC.

It is well within the Court's discretion to allow Plaintiff's Motion to Amend Complaint. Mass. R. Civ. P. 15(a) permits the Court to allow amendments to pleadings where "justice appears to require such amendment." Sullivan v. Iantosca, 409 Mass. 796, 801 (1991). The Supreme Judicial Court has noted that its tendency is in favor of allowing amendments, and "[a] motion to amend should be allowed unless some good reason appears for denying it." Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 289 (1977). Where a claim is brought against a corporation under the wrong corporate name, the mistake or misdescription can be corrected by an amendment to the Original Complaint. See Sherman v. Proprietors of Conn. River Bridge, Co. 11 Mass. 338, 339 (1814); Bullard v. President, Dirs. & Co. of Nantucket Bank, 5 Mass. 99, 99-100 (1809).

The correction of the misnomer of party defendant, ITW Food Equipment Group, LLC, the entity that designed, manufactured, distributed, sold and/or supplied the industrial mixer will not create any significant delay in the case as the parties have just begun discovery. In addition, Martin, Magnuson, McCarthy & Kenney, who currently

represent Illinois Tool Works, Inc., will continue their appearance in the case for ITW Food Equipment Group, LLC.

### Conclusion

WHEREFORE, based on the foregoing, the plaintiff, Yumi C. Chen respectfully requests that her motion be allowed and that she be permitted to file her Second Amended Complaint attached as Tab 1.

| On Behalf of the Plaintiff,<br>Yumi C. Chen<br>By Her Attorneys | On Behalf of the Defendant,<br>Illinois Tools Works, Inc.<br>By Their Attorneys |
|---|---|
| SUGARMAN & SUGARMAN, P.C. | MARTIN, MAGNUSON, MCCARTHY & KENNEY |
| */s/ Robert C. Casby*<br>Robert C. Casby – BBO#07710<br>David P. McCormack – BBO#659006<br>One Beacon Street<br>Boston, MA 02108<br>(617) 542-1000<br>rcasby@sugarman.com<br>dmccormack@sugarman.com | */s/ Douglas Robertson /DPM*<br>Douglas A. Robertson – BBO #552315<br>101 Merrimac Street<br>Boston, MA 02114<br>(617) 227-3240<br>drobertson@mmmk.com |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUMI C. CHEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ITW FOOD EQUIPMENT GROUP, LLC,<br><br>　　　　　　　　Defendant. | No.  1:04-CV-12036-RWZ |

## SECOND AMENDED COMPLAINT

### THE PARTIES

1.　　The plaintiff, Yumi Chen, resides at 339 South Hicks Street, Philadelphia, Pennsylvania.

2.　　The defendant, ITW Food Equipment Group, LLC, is a Delaware limited liability company having a usual place of business at 701 S. Ridge Avenue, Troy, Ohio.

### THE FACTS

3.　　On or about August 17, 2001, the plaintiff, Yumi C. Chen, was employed by The Ritz Carlton Hotel Company, LLC at 15 Arlington Street, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

4.　　At that time and place, the plaintiff, Yumi Chen, was caused to sustain serious personal injuries as a result of the defective and dangerous condition of an industrial mixer.

5.　　The industrial mixer was designed, manufactured, distributed, sold and/or supplied by the defendant, ITW Food Equipment Group, LLC.

6.　　The defendant, ITW Food Equipment Group, LLC, was and is a merchant with respect to the industrial mixer.

7. The defendant, ITW Food Equipment Group, LLC, was careless and negligent in the design, manufacture, distribution, sale, and/or conveyance of the industrial mixer.

8. The defendant, ITW Food Equipment Group, LLC, impliedly warranted that the industrial mixer would be of merchantable quality and that it was fit for any ordinary or reasonable purpose contemplated for its use.

9. The plaintiff's accident and resulting injuries as aforesaid were caused by the carelessness and negligence of the defendant, ITW Food Equipment Group, LLC, its servants, agents, or employees.

10. The plaintiff's accident and resulting injuries as aforesaid were caused by the dangerous and defective condition of the industrial mixer and by the breaches of warranty by defendant, ITW Food Equipment Group, LLC.

11. Due notice has been given to the defendant of any and all breaches of warranty.

12. The breaches of implied warranties of the defendant as aforesaid constitute unfair and deceptive acts or practices by the defendant in violation of Massachusetts General Laws, Chapter 93A.

13. The acts or practices of the defendant were willful and knowing violations of General Laws, Chapter 93A.

14. Plaintiff made demand upon the defendant, pursuant to Massachusetts General Laws, Chapter 93A, on May 25, 2004.

15. The defendant, ITW Food Equipment Group, LLC, failed to make any written tender of settlement and said refusal to grant relief upon demand was made in

bad faith with knowledge or reason to know that the defendant's breaches of implied warranties were unfair and deceptive acts or practices.

16.   As a result of the injuries sustained in the incident described above, the plaintiff, Yumi Chen, was caused to suffer great pain of body and anguish of mind, her earning capacity has been and will be impaired for a long period of time and she has expended and will continue to expend large sums of money for medical care and attendance.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All Those Paragraphs Previously Set Forth)

### First Cause of Action

17.   This is an action by the plaintiff, Yumi Chen, against the defendant, ITW Food Equipment Group, LLC, for negligence resulting in personal injuries.

### Second Cause of Action

18.   This is an action by the plaintiff, Yumi Chen, against the defendant, ITW Food Equipment Group, LLC, for breach of implied warranty of merchantability resulting in personal injuries.

### Third Cause of Action

19.   This is an action by the plaintiff, Yumi Chen, against the defendant, ITW Food Equipment Group, LLC, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's breach of implied warranty of merchantability resulting in personal injuries.

### Fourth Cause of Action

20.   This is an action by the plaintiff, Yumi Chen, against the defendant, ITW

Food Equipment Group, LLC, for damages pursuant to Massachusetts General Laws, Chapter 93A for unfair or deceptive acts and practices arising out of the defendant's failure to maintain and/or service the industrial mixer and/or any of its components resulting in personal injuries.

Fifth Cause of Action

21.  This is an action by the plaintiff, Yumi Chen, against the defendant, ITW Food Equipment Group, LLC, for double or treble damages pursuant to Massachusetts General Laws, Chapter 93A, Section 9.

## DEMAND FOR RELIEF

22.  The plaintiff, Yumi Chen, demands judgment against the defendant, ITW Food Equipment Group, LLC, in the amount of her damages, with interest and costs, as to the First and Second Causes of Action, in the amount of her damages, with interest, costs, and attorneys' fees as to the Third and Fourth Causes of Action, and for double or treble damages, with interest, costs, and attorneys' fees, as to the Fifth Cause of Action.

## JURY CLAIM

23.  The plaintiff claims a trial by jury.

PLAINTIFF,
By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

_____
Robert C. Casby-BBO #077110
David P. McCormack-BBO #659006
One Beacon Street
Boston, MA  02108
(617) 542-1000

4

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on __11/3__, 2004:

Douglas A. Robertson, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716

For Service Upon the Defendant:

ITW Food Equipment Group, LLC.
701 S. Ridge Avenue
Troy, Ohio

_____
David P. McCormack

5